IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CAROL MACKEY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:05-CV-411 (CAR) |
| : | |
| **ROBERT MICHAEL SHEFFIELD,** *et al.,* : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

Plaintiff appeared before the Court on November 9, 2005, for a hearing on her Motion for Emergency Temporary Restraining Order (Doc. 3). For the reasons set forth below, the motion is **DENIED**. In addition, the Court hereby orders that Plaintiff's Complaint be **DISMISSED**, **WITHOUT PREJUDICE**.

Plaintiff sought a temporary restraining order to prevent the Defendants, or some of them, from executing a dispossessory warrant issued by the Magistrate Court of Bibb County on November 7, 2005 for a property located at 2684 Leone Drive, Macon, Georgia. The property was sold to Defendant "Fannie Mae" in a foreclosure sale on October 4, 2005, following a non-judicial foreclosure. In her petition, Plaintiff represented to the Court that she would suffer irreparable injury because "[b]eing dispossessed while seeking relief within the Federal Courts would place plaintiff without a home for the winter months." Doc.

3, p. 2. At the hearing, Plaintiff admitted that she did not live in the home, but that it was leased to tenants who are not a party to this lawsuit.

Plaintiff has failed to meet the burden required for a movant seeking a temporary restraining order. In order to obtain a TRO, a movant must demonstrate:

> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.

Parker v. Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). The Court finds that there is no substantial likelihood of success on the merits and that Plaintiff has failed to show irreparable injury. Accordingly, the TRO cannot be issued.

As to the likelihood of success on the merits, the Court must first acknowledge that it is very difficult to discern the exact nature of Plaintiff's claims. Her Complaint is forty-four pages long, single-spaced, and names nearly thirty defendants. As to each defendant in sequence it sets forth a litany of general claims under the Fair Debt Collection Practices Act (42 U.S.C. § 1692, *et seq.*) and under the due process clause of the United States Constitution, pursuant to 18 U.S.C. §§ 241, 242, and 245.[1] It then sets forth allegations that the various Defendants made misrepresentations or otherwise failed to comply with the

---

[1] The civil rights laws cited by Plaintiff are from the criminal code and do not authorize enforcement by civil suit. The Court presumes that Plaintiff intended to bring these claims under the corresponding civil provisions of Section 1983, 1985, and 1986.

FDCPA, though the nature of these misrepresentations or violations is not always clear. Attached to the complaint are documents setting forth the history of Plaintiff's correspondence with Defendants regarding her failure to make timely payments on the mortgage on the property. At the hearing, Plaintiff indicated that the thrust of her complaint was that the Defendants did not negotiate or cooperate with her in her attempt to have additional time to make delinquent mortgage payments.

A review of the correspondence attached to the Complaint suggests that this case involved a typical debt collection procedure for a mortgage in arrears, punctuated by various ploys by Plaintiff to stall the process. Included in Plaintiff's ploys were a Chapter 13 bankruptcy petition that was quickly dismissed, an attempt to rescind the transaction under the Truth in Lending Act (Complaint, Ex. 14), a "Qualified Written Request" purportedly pursuant to the Real Estate Settlement Procedures Act, setting forth thirteen pages of interrogatories and requests for production of documents (Complaint, Ex. 19), and a bizarre "Challenge to Subject Matter Jursidiction" setting forth various arguments including the assertion that Plaintiff is an "indigenous person" who

> was granted independence by the Declaration on the Granting of Independence to Colonial Countries and Peoples and [who was] no longer required to perform under colonial dictates, including, but not limited to the dictates that [give] members of one racial group e.g. aliens Europeans , the right to require [Plaintiff] to pay for housing generated in and from the resources of indigenous lands.

(Complaint, Ex. 24). From the Complaint it is impossible to determine what specific acts of the Defendants were in violation of the FDCPA or constitutional due process. The

correspondence from Defendants attached to the Complaint appears to be consistent with the requirements of the FDCPA. Nothing in the FDCPA requires a lender to negotiate with a delinquent borrower.

Plaintiff has failed not only to show a substantial likelihood of success on the merits, but also to demonstrate a threat of irreparable injury. In her petition, Plaintiff represented that she would suffer irreparable injury by being evicted from her home during the winter months. At the hearing, it emerged that Plaintiff does not even live in the subject property, and Plaintiff contended that she brought the action to prevent irreparable injury to her tenants. Plaintiff has no standing to assert the rights of her tenants in this case. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1990). To the extent that the actions affect Plaintiff, she has already suffered injury, and there are adequate remedies at law to redress that injury. The property in question has already been foreclosed and sold, and Plaintiff no longer has legal title.

As a final matter, the Court must address the adequacy of Plaintiff's Complaint, which fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To the contrary, the Complaint is a classic "shotgun" pleading, in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees, 77 F.3d 364, 366 (11th Cir. 1996). To require the nearly thirty Defendants to prepare responsive pleadings to this Complaint would subject them and this Court to the unnecessary burdens of "sifting through myriad claims, many of which may be foreclosed by various defenses." Id. at 366-67

(quoting Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).  The Court finds that this Complaint is so ill-pled that it fails to provide the notice required by Rule 8.  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Id.

Accordingly, the Clerk of Court is hereby directed to dismiss this case, without prejudice.  Plaintiff has the opportunity, if she so chooses, to refile her case with a new Complaint that more clearly and concisely sets forth her claims for relief.  Plaintiff is reminded that any new Complaint will be governed by the provisions of Rule 11(b), which requires that any claims or legal contentions therein be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that all factual allegations have evidentiary support or be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**SO ORDERED** this 23rd day of November, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge